UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SENTRY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>KHAYRULLA AMURKHANOV, et al.,<br><br>    Defendants. | Case No. 23-cv-05638-LB<br><br>**ORDER REGARDING REMAND**<br><br>Re: ECF No. 27 |

Following its settlement with defendants Khayrulla Amurkhanov and Aydin Express, the plaintiff asks for the case to be remanded to the Alameda County Superior Court. The issue is whether the court now lacks subject-matter jurisdiction such that remand is appropriate.[1] The only basis for subject-matter jurisdiction is count one of the complaint, which asserts a federal claim under the Carmack Amendment against defendants All-Ways Trucking and Aydin Express.[2] (Count two is a claim for subrogation against Dunkel Logistics.[3]) The plaintiff now contends that All-Ways Trucking was a broker rather than a carrier and so is not subject to the Carmack

---

[1] *See* Order – ECF No. 31; Statement – ECF No. 32. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1 at 11–13.

[3] *Id.* at 13.

ORDER – 23-cv-05638-LB

Amendment.[4] *Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1068–69 (C.D. Cal. 2002) ("[T]he Carmack Amendment does not apply to brokers."). If that is true, then the court lacks federal-question jurisdiction given that the other count one defendant, Aydin Express, has been dismissed.

The only claim against All-Ways Trucking is the Carmack Amendment claim. The complaint describes all All-Ways Trucking as a "transportation broker and/or motor carrier involved in the transport of goods in interstate commerce."[5] It alleges that the plaintiff's insured contracted with All-Ways Trucking to transport the cargo, and All-Ways Trucking then contracted with Aydin Express to transport that cargo.[6]

"The Carmack Amendment provides shippers with the right to sue carriers for any damage to goods during transport." *Pro. Commc'ns, Inc. v. Cont. Freighters, Inc.*, 171 F. Supp. 2d 546, 550 (D. Md. 2001). Under the Carmack Amendment, a broker is "a person, other than a motor carrier . . . that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." *Chubb Grp.*, 243 F. Supp. 2d at 1069 n.4 (quoting 49 U.S.C. § 13102(2)). A motor carrier is "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). Given the definition of broker, "[m]otor carriers . . . are not brokers within the meaning of this section when they arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legally bound themselves to transport." 49 C.F.R. § 371.2(a).

Under the complaint in its current form, All-Ways Trucking was sued under the Carmack Amendment, which conveys federal-question jurisdiction over the Carmack Amendment claim and supplemental jurisdiction over the state claim against Dunkel Logistics. Based only on the complaint, there is no basis to remand. Wright & Miller, Remand In General § 3739 (2023)

---

[4] Statement - ECF No. 32.

[5] Compl. – ECF No. 1 at 10 (¶ 12).

[6] *Id.* at 10 (¶¶ 13–14), 11–12 (¶¶ 24–25).

("[T]he exercise of jurisdiction over claims supported by an independent basis of federal subject-matter jurisdiction in removed cases typically is mandatory, so that discretionary remand of such claims ordinarily is prohibited.").

That said, the plaintiff said that "the cause of action for [the] Carmack Amendment has been resolved. The remaining cause of action is for subrogation. . . ."[7] The plaintiff could voluntarily dismiss All-Ways Trucking (again named only in count one), thus leaving only the state claim for subrogation against Dunkel Logistics. It could amend the complaint to eliminate the Carmack Amendment claim and add a claim for subrogation against All-Ways Trucking (assuming that it can). A third option is to voluntarily dismiss the case, which would operate as a dismissal without prejudice to refiling the case in state court.

The court also flags that a motion to remand for lack of jurisdiction is a dispositive motion. Not all parties have appeared, and thus — assuming that the plaintiff ultimately moves to remand the case instead of voluntarily dismissing it — the case will be reassigned to an Article III judge. *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017). That procedural posture militates in favor of a clean record about the claims and the basis for remand.

By Tuesday, March 19, 2024, at noon, the plaintiff is welcome to file a short update about what it plans to do.

**IT IS SO ORDERED.**

Dated: March 16, 2024

LAUREL BEELER
United States Magistrate Judge

---

[7] Statement – ECF No. 32.